UNITED WAREHOUSE COMPANY, LTD., v. ILLINOIS CENTRAL RAILROAD COMPANY

(January 16, 1928.   Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 625.**
Only questions of fact are involved and the trial judge found correctly that plaintiff had failed to prove his case.

Appeal from Civil District Court, Div. "B", Hon. Mark Boatner, Judge.

Action by United Warehouse Company, Ltd., against Illinois Central Railroad Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

McCloskey & Benedict, of New Orleans, attorneys for plaintiff, appellant.

Lemle, Moreno & Lemle, of New Orleans, attorneys for defendant, appellee.

JONES, J.   The United Warehouse Company sues the Illinois Central Railroad Company for Seventeen hundred fifty-nine and 00/100 ($1759.00) Dollars, with legal interest thereon, from November 12th, 1921, on the following allegations:

Plaintiff is the owner of a warehouse situated in this city, in the square bounded by St. Joseph, North Diamond, Fulton and South Peters street, which it erected in the year 1910. The defendant's tracks in St. Joseph street and in N. Diamond street at the time of the erection of said warehouse, were below the grade of its floor; from time to time, between the year 1910 and the year 1921, the grade of the tracks of the defendant was raised without the knowledge and consent of the city authorities, and by February 25th, 1920, it was eight and three-fourths inches above the level of the warehouse floor.

The raising of these tracks caused an artificial basin to be created in Fulton street, between St. Joseph and N. Diamond streets, with the result that the floor of the warehouse was overflowed, and to protect itself the plaintiff erected mud levees within its walls to keep out this flood water and finally raised the grade both of the sidewalk and of the flooring of the building, which cost Seventeen hundred fifty-nine and 00/100 ($1759.00) Dollars, the work having been completed on October 29th, 1921.

Plaintiff further alleged that defendant was duly notified of the damage caused by the elevation of its tracks, but refused to make proper reparation and is, therefore, liable for the cost of raising the floor and the sidewalk.

Defendant answered denying that raising of track was done without the consent of the city and averred that the city had notice thereof and made no objection thereto. It also denied that the raising of the track caused plaintiff any damage. It admitted receiving a letter of complaint from plaintiff, dated February 25th, 1920,

41   La. App.

and in response thereto its resident engineer explained to plaintiff that no act of defendant affected the drainage, but to satisfy plaintiff, it would install at its own expense a drain underneath the track at Fulton and St. Joseph streets. Plaintiff declined this offer, stating that it preferred to raise the floor of its warehouse and requested defendant to furnish it with sufficient filling free of cost.

Defendant averred that it received a letter from plaintiff, dated February 16th, 1921, stating that it had decided to put a concrete floor in its warehouse and demanding defendant's cooperation in the work; that upon receipt of this letter, its resident engineer, road master and superintendent, along with City Engineer John Klorer and Assistant City Engineer Vallas, went to plaintiff's warehouse and discussed the matter fully with the secretary and treasurer of the plaintiff company; that the City Engineer then showed that since April, 1920, the city had installed subsurface drainage and three large catch-basins alongside the warehouse, which were amply sufficient to carry off all the water after a heavy rainfall. The city engineer further stated that additional catch-basins would be furnished, if there should be further trouble. Defendant finally alleges that since the installation of these catch basins there has been no further trouble and pleads the prescription of one year as this suit was not filed until August 29, 1922.

As the question is purely one of fact and as the allegations of defendant's answer are abundantly proved, it would serve no useful purpose to analyze the voluminous evidence, as the conclusion inevitably follows that plaintiff has failed to prove his case by a preponderance of the evidence. Moreover, the record shows that the alleged flooding of the warehouse floor commenced back in 1912, when the track of defendant was below or on a level with it, that the natural flow of drainage was then and has always been down St. Joseph street from the river to the lake, and there is absolutely no proof that the elevation of defendant's track ever caused any increased flooding of the warehouse floor.

For above reasons the judgment is affirmed.